UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BCI CONSTRUCTION, INC.,

                                              Plaintiff,

                    v.                                                   1:16-CV-1077
                                                                    (FJS/TWD)

797 BROADWAY GROUP, LLC,

                                              Defendant.


797 BROADWAY GROUP, LLC,

                                              Plaintiff,

                    v.                                                   1:16-CV-1113
                                                                    (FJS/TWD)

BCI CONSTRUCTION, INC.,

                                              Defendant.
_____

**APPEARANCES**                                                           **OF COUNSEL**

**COUCH WHITE LLP**                                       **JOEL M. HOWARD, III, ESQ.**
540 Broadway
P.O. Box 22222
Albany, New York 12201-2222
Attorneys for BCI Construction, Inc.

**OFFICE OF DANIEL M. SLEASMAN**            **DANIEL M. SLEASMAN, ESQ.**
One Crumitie Road
Albany, New York 12211
Attorneys for 797 Broadway Group, LLC.

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

This Court issued a Memorandum-Decision and Order on March 15, 2017, granting Defendant's motions (1) to remand Case No. 1:16-CV-1113, to state Court; (2) to dismiss Case No. 1:16-CV-1077, for lack of subject matter jurisdiction; and (3) for attorney's fees pursuant to 28 U.S.C. § 1447(c). *See* Dkt. No. 41. Pending before the Court is Defendant's fee application, requesting $27,625.00 in attorney's fees. *See* Dkt. No. 43. Plaintiff objects. *See* Dkt. No. 44.

**II. BACKGROUND**

This case involved a contract dispute between 797 Broadway Group, LLC ("Defendant") and BCI Construction, Inc. ("Plaintiff"). Defendant spent significant sums repairing the faulty siding on a project where Plaintiff was the general contractor. The dispute involved who was ultimately responsible for the cost of those repairs. The parties initiated arbitration to resolve the matter, and Defendant largely prevailed.

Plaintiff commenced the current litigation in this Court on September 1, 2016, pursuant to 9 U.S.C. § 10(a)(2), seeking an order vacating the arbitration award based on its argument that the arbitrator, Mr. Phelan, was biased. *See* Dkt. No. 1, No. 1:16-CV-1077. Plaintiff further moved for leave to depose Mr. Phelan. *See* Dkt. No. 9.

Meanwhile, Defendant filed, in the Supreme Court of the State of New York, County of Albany, a petition pursuant to CPLR 7511 to confirm its arbitration award. *See* Dkt. No. 11-1 at 3. Plaintiff removed that case to this District pursuant to 28 U.S.C. § 1441. *See* Dkt. No. 11-2 at 11, No. 1:16-CV-1113. The Court consolidated the two cases. *See* Dkt. No. 8.

Defendant then moved to remand the action it originally filed in state court, 1:16-CV-1113, and simultaneously to dismiss Plaintiff's action to vacate the arbitration award, 1:16-CV-1077, based on lack of subject matter jurisdiction. *See* Dkt. No. 9. Defendant, thereafter, moved to confirm its arbitration award in the event that the Court determined that it had subject matter jurisdiction over this action. *See* Dkt. No. 23-1.

In a Memorandum-Decision and Order, the Court held that the Federal Arbitration Act did not provide an independent basis for bestowing subject matter jurisdiction on the Court where the parties' underlying dispute involved a state-law issue, i.e., a contract dispute. *See generally* Dkt. No. 41. The Court further granted Defendant's motion for an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). *See id*. at 9. In that regard, the Court noted that it would "award attorney's fees and costs only to the extent that they [were] related to Defendant's motion to remand." *See id.* at 9 n.6. Furthermore, the Court ordered "Defendant to file and serve documentation, including contemporaneous time records for each attorney and paralegal who expended any time with regard to its remand motion and a description of the work performed, to support its request for attorney's fees and costs[.]" *See id* at 10.

As recounted above, Defendant has submitted an application requesting $27,625.00 in attorney's fees. *See* Dkt. No. 43. Plaintiff opposes Defendant's application. *See* Dkt. No. 44.[1]

## III. DISCUSSION

"In calculating attorney's fee awards, district courts use the lodestar method -- hours reasonably expended multiplied by a reasonable hourly rate." *McDonald v. Pension Plan of NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (citations omitted).

---

[1] In response to Plaintiff's opposition, Defendant filed a supplemental affidavit. *See* Dkt. No. 49.

**A.     Hours reasonably expended**

To calculate the reasonable hours expended, the party submitting the fee application must support its request with "contemporaneous time records, affidavits, and other materials." *Id*. In support of its motion for fees, Defendant has produced three letters that its counsel allegedly prepared and sent as billing statements to Defendant. *See* Dkt. No. 43 at 4, 5, 6.

*1. September 28, 2016 letter*

Defendant labels the first letter "797 Broadway, Schenectady, New York -- Arbitration Façade Issue -- Federal Litigation." *See id.* at 4. In total, the first letter accounts for 19.6 hours.[2]

Plaintiff objects to the contents of the first letter because the letter includes work that was unrelated to Defendant's motion to remand. *See* Dkt. No. 44-2 at 5. According to Plaintiff, the majority of the entries in this letter relate to Defendant's work answering Plaintiff's action that was originally filed in federal court. Therefore, Plaintiff asserts that these entries do not comply with the Court's order regarding the scope of fees.

By its terms, 28 U.S.C. § 1447(c) makes it clear that a party is only entitled to attorney's fees related to litigating a case that was improperly removed from state court pursuant to 28 U.S.C. § 1441.[3] *See Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (stating that "we begin with the understanding that Congress 'says in a statute what it

---

[2] Defendant's September 28, 2016 letter inaccurately stated that the total time billed was 20.2 hours. Furthermore, in its supplemental affidavit, Defendant acknowledged that the items related to a contemplated Rule 11 motion and a separate summary judgment motion were unrelated to its motion to remand. *See* Dkt. No. 49 at ¶ 5.

[3] Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

means and means in a statute what it says there'" (quotation omitted)). For example, the title of 28 U.S.C. § 1447 is "Procedure after *removal* generally." Furthermore, 28 U.S.C. § 1447(c) itself plainly states that "[a]n order *remanding* the case may require payment of just costs and any actual expenses, including attorney fees, *incurred as a result of the removal*." *Id*. (emphasis added). The language "*incurred as a result of the removal*" clearly limits the scope of this fee-shifting provision to costs related to remanding an action that was originally filed in state court and then removed. In other words, pursuant to 28 U.S.C. § 1447(c), Defendant is not entitled to fees for any work related to Case No. 1:16-CV-1077 because that case was *originally* brought in federal court and is therefore incapable of being remanded.

Therefore, the Court denies Defendant's request for attorney's fees pursuant to 28 U.S.C. § 1447(c) insofar as that request includes the items listed in the September 28, 2016 letter, with the exception of item 9; specifically, .7 hours spent reviewing Plaintiff's "notice to remove from State Court to USDC" and reviewing removal and remand cases. *See* Dkt. No. 43 at 4.

### *2. November 21, 2016 letter*

Defendant labels the second letter "797 Broadway, Schenectady, New York -- Motion to Remand" and further splits the letter into two sections. First, section (a). titled "Removal/Remand/Motions," asserts that counsel completed the following work:

1. Review of "Notice of Removal" filed by BCI – .3 hours

2. Review of BCI answer to petition (as removed to and filed with USDC) – .5 hours

3. Research removal issues including procedural issues and subject matter jurisdiction, review Second Circuit and Supreme Court authorities – 2.5 hours

4. Confer and email with Tom Owens to discuss case law and course of action to respond to removal to USDC – .6 hours

5. Draft notice of motion for remand – .8 hours

6. Draft DMS affirmation and prepare exhibits for filing in support of motion – 1.8 hours

7. Additional legal research, draft and revise Memorandum of Law in support of motion for remand and award of costs and attorney's fees – 4 hours

8. T/C and email review with Tom Owens -- .7 hours

9. File motion using ECF – .4 hours

10. Review text orders and scheduling orders of the Court and follow up communications with attorneys for BCI regarding motion and briefing schedule – .5 hours

11. Review BCI reply to motion for remand – [.]8 hours

12. Review case law cited by BCI – 2.7 hours

13. Research just cost and attorney fee cases – 1.5 hours

14. Draft reply MOL – 2 hours

15. Finalize and file Reply MOL on November 2 – 2.5 hours

*See* Dkt. No. 43 at 5. In total, counsel billed 21.6 hours for these items. Second, section (b), titled "Discovery Motion/Motion to Vacate/Motion to Confirm," asserts that Defendant's attorney completed 37.1 hours of work for the items listed in this section.[4]

Plaintiff objects to the items listed in section (b) "because this legal work . . . was not related to the motion to remand." *See* Dkt. No. 44-2 at 3.[5]

Defendant, on the other hand, argues that, "[w]hile the subject matter jurisdiction motions were pending and while these actions remained active before this Court, [it] could not simply assume that its dismissal motion would be granted and the case remanded to State Court." *See* Dkt. No. 43 at 3, ¶ 9.

---

[4] The actual total is 37 hours, not 37.1 hours.

[5] Plaintiff, however, does not object to the items listed in section (a).

As explained above, the plain language of the statute forecloses Defendant's attempt to collect attorney's fees pursuant to 28 U.S.C. § 1447(c), for time expended litigating issues related to an action that was *originally* filed in federal court. Furthermore, insofar as Defendant seeks attorney's fees associated with its own motion to confirm/modify its arbitration award, the Court finds that Defendant is not entitled to an award of attorney's fees for these unrelated litigation costs. Contrary to Defendant's claim, it was not "reasonable" or "necessary" for it to assume that the Court might retain subject matter jurisdiction. *See* Dkt. No. 46-1. Therefore, the Court finds that Defendant is only entitled to an award of attorney's fees for the 21.6 hours set forth in section (a) of the November 21, 2016 letter.

### *3. December 13, 2016 letter*

Defendant labels the third letter "797 Broadway, Schenectady, New York -- Federal Litigation" and asserts that its counsel expended an additional 6.1 hours related to its motion to remand.

Plaintiff objects to the items listed in this letter because these expenses are unrelated to the motion for remand and therefore beyond the scope of fees that the Court should award pursuant to 28 U.S.C. § 1447(c).

For the reasons discussed above, the Court finds that these items do not relate to the motion for remand and, therefore, denies Defendant's request for attorney's fees insofar as it includes these items.

*4. Summary of time expended*

In sum, Defendant properly seeks attorney's fees for .7 hours of work in the September 28, 2016 letter and 21.6 hours of work in the November 21, 2016 letter, for a total of 22.3 hours.

**B.      Hourly fee**

Defendant states in each of the letters that its counsel charged $325.00 an hour for his services. Plaintiff objects to this hourly rate as excessive given that Defendant's attorney failed to provide the Court with any information regarding his qualifications justifying the higher-than-average hourly rate. The only information that Plaintiff could find on the internet regarding Defendant's attorney is that he was first admitted to practice in 1972 and that he graduated from Cornell Law School in 1971. *See* Dkt. No. 44-2 at 12. Thus, Plaintiff contends that, "[g]iven the lack of information on experience and qualifications offered by Attorney Sleasman in the fee application, the dearth of information about him on the web, and his burden on this motion, this Court should set a presumptive hourly rate in the $250 to $275 range rather than the $325.00 an hour set forth in the three letters[.]" *See id.* at 13.

To determine a reasonable hourly rate, a court must consider what a reasonable client would be willing to pay. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2007). In determining what a reasonable client would pay, the Second Circuit has instructed courts to consider several factors, including the following:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the

"undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3 (citing *Johnson*, 488 F.2d at 717-19). Furthermore, courts apply the "forum rule" which "generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir. 2011) (quotation omitted).

In 2012, the Second Circuit affirmed an award of $210.00 per hour for an experienced attorney in the Northern District of New York. *See Lore v. City of Syracuse*, 670 F.3d 127, 176 (2d Cir. 2012). Furthermore, in more recent cases in this District, courts have awarded fees ranging between $210-$225 per hour. *See, e.g., Upstate N.Y. Eng'rs Health Fund v. S. Buffalo Elec., Inc.*, No. 5:15-CV-0903, 2017 WL 1192178, *4 (N.D.N.Y. Mar. 29, 2017) (refusing to grant fees at an hourly rate of $291-$300, and instead granting fees at a rate of $210.00); *C.H. Robinson Worldwide, Inc. v. Joseph Aiello & Sons, Inc.*, No. 1:15-CV-1321, 2016 WL 4076964, *5 (N.D.N.Y. Aug. 1, 2016) ($225.00); *Genito v. Forster & Garbus LLP*, No. 6:15-CV-00954, 2016 WL 3748184, *2 (N.D.N.Y. July 11, 2016) (granting an hourly rate of $225.00 rather than the requested rate of $275.00); *Upstate N.Y. Eng'rs Health Fund v. Ransom*, No. 5:13-CV-01434, 2015 WL 145441, *5 (N.D.N.Y. Jan. 12, 2015) ($210.00); *I.B.E.W. Local 910 Welfare, Annuity & Pension Funds v. Grayco Elec., Inc.*, No. 7:12-CV-652, 2013 WL 495638, *4 (N.D.N.Y. Feb. 7, 2013) ($210.00).

Defendant makes the conclusory argument that "the hourly rate applied in this action represents a conservative and reasonable hourly rate, particularly as applied to litigation of this nature and well within the market rate for attorneys in this geographical area with comparable

experience and expertise." *See* Dkt. No. 49 at ¶ 11.  The Court disagrees.  The remand motion at issue in this fee application did not involve overly complicated legal issues.  Furthermore, Defendant provided no information that would justify an hourly fee substantially higher than what is the prevailing rate in this District for experienced litigators.

Therefore, the Court finds that Defendant's requested hourly rate of $325 is unreasonable and, instead, awards Defendant attorney's fees at an hourly rate of $250.00.

**C.      Sufficiency of the fee application**

This Court instructed counsel to submit "contemporaneous time records" detailing the time spent on each task.  Defendant's submission is woefully inadequate in this respect.  For example, the letter invoices do not specify the dates counsel worked on each item billed and the submissions often clump together several different tasks into one item.  Therefore, the nature of Defendant's submissions makes this Court's review difficult.  For example, Defendant billed .5 hours to "review text orders and scheduling orders of the Court and follow up communications with attorneys for BCI regarding motion and briefing schedule."  *See* Dkt. No. 43 at 5.  Not only is it difficult to understand how these tasks could cumulatively constitute 30 minutes of work but this problem is also compounded because the submission does not break out what orders counsel reviewed, on what days he reviewed them, or the medium of his communication with opposing counsel.

Defendant submitted a supplemental affidavit that is equally sparse and merely reiterates the same vague items with the inclusion of dates.  *See* Dkt. No. 49 at 5-6.  For example, with regard to the item discussed in the preceding paragraph, Defendant states in his supplemental affidavit that counsel completed the work between October 30 and October 31 and spent .5 hours

to "review court order scheduling/TO[6] email." *See id.* at 5. Notably, this description appears to be inconsistent with the one provided in the original letter. *See* Dkt. No. 43 at 5 (originally stating the item was to "review text orders and scheduling orders of the Court and follow up communications with *attorneys for BCI* regarding motion and briefing schedule").

In short, Defendant's failure to specify the amount of time spent on separate tasks "frustrate[es] meaningful review of the reasonableness of the hours billed." *Hines v. City of Albany*, No. 1:06-CV-1517, 2015 WL 12828107, *5 (N.D.N.Y.), *aff'd*, 613 F. App'x 52 (2d Cir. 2015) (citing *Barbour v. Colvin*, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014) (reducing a fee award where time records "lump items of work together, frustrating meaningful review of what portion of the time was spent on what task and whether such expenditure is reasonable") (citing *Skold v. Am. Int'l Group, Inc.*, No. 96-CV-7137, 1999 WL 672546, at *2 (S.D.N.Y. Aug. 25, 1999) (reducing fees by ten percent where attorneys submitted several time entries consisting of multiple tasks, as court was unable to assess the reasonableness of the time spent on each task); *Wilder v. Bernstein*, 975 F. Supp. 276, 286 (S.D.N.Y. 1997) (attorneys should not "lump several services or tasks into one time sheet entry because it is then difficult . . . for a court to determine the reasonableness of the time spent on each of the individual services or tasks provided. . . .'"))).

Due to the nature of Defendant's submissions, which frustrated this Court's ability to determine the reasonableness of the hours counsel expended on Defendant's remand motion, the Court discounts the total number of hours for which Defendant seeks attorney's fees by 10% and, thus, will award Defendant fees for **20.07** hours of work. *See Skerritt v. Cty. of Greene*, No. 1:13-CV-663, 2015 WL 5823984, *3 (N.D.N.Y. Oct. 6, 2015) (stating that, "[i]n reducing the total number of hours awarded, 'a district court may exercise its discretion and use a percentage

---

[6] "TO" refers to Thomas Owens, Esq. *See* Dkt. No. 49 at 5.

deduction as a practical means of trimming fat from a fee application'" (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006))).

### IV. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that, in accordance with 28 U.S.C. § 1447(c), Plaintiff shall pay Defendant **$5,017.50** in attorney's fees for the work that Defendant's counsel expended in conjunction with its motion to remand; and the Court further

**ORDERS** that the Clerk of the Court shall amend the judgment in this case, *see* Dkt. No. 42, to reflect this award of attorney's fees.

**IT IS SO ORDERED.**

Dated: May 3, 2017
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge